Per Curiam.

The first objection is, that the declarations of the wife, being admitted in evidence, must have had an effect upon the jury prejudicial to the husband. We do not see how this evidence could have been rejected, for it was necessary to prove the guilt of the wife. The jury must be presumed to have understood that they were not to let it operate against the husband. We should not grant a new trial if this objection stood alone.[1]
As to the other point, it is said by the attorney-general that the prisoner did not deny his identity with the person formerly convicted. But the plea of not guilty is a denial. No presumptions are to be made against the prisoner. The government must prove every essential allegation. It was the right of the prisoner to take advantage of the omission on the part of the government. The attorney-general refers to the statute allowing in some cases an acquittal of part of the offence charged and a conviction of the residue ; but that is to be done by the jury.[1] Here "they have convicted of the whole charge. The Court cannot separate the part improperly found, and punish for the residue.

 See 1 Chitty on Crim. Law, (3d Amer. ed.) 595, n. B, Roscoe’s Dig Crim. Ev. (Amer. ed.) 113.

 See Revised Stat. c 137, § 11.